who thereupon returned a verdict for the defendant. To this opinion and direction the plaintiff filed exceptions.

*Eddy*, in support of the exceptions, said the defendant was not obliged to lay his claim before the commissioners, but having done so and part of it having been allowed and the residue disallowed, he had no right to contest the matter again ; it was *res judicata ;* and this distinguished the case from *M'Donald* v. *Webster,* 2 Mass. R. 498. He cited *Bordman* v. *Smith,* 4 Pick. 215 ; 2 Dane's Abr. 70.

*Loud, contrà,* relied on the case of *M'Donald* v. *Webster.*

The *Court* held, that the decision of the commissioners was not conclusive as to the defendant's right to file his claim in set-off, and the judgment of the Court of Common Pleas was affirmed.[1]

Wright
*v.*
Dunham.

*Oct. 23d*

*Oct. 24th*

## NATHANIEL PHILLIPS *versus* NATHANIEL FORD.

39

Where a promissory note was signed by the defendant and one A., and A. gave in renewal of it a note in which the name of the defendant was forged, and a suit was brought upon the forged note, and the plaintiff gave in evidence declarations and admissions of the defendant tending to show an adoption of this note and to take it out of the statute of limitations, in one of which declarations he spoke of the suit's having been commenced, it was held, that the service of the writ did not raise a presumption that the declarations related to the new note rather than the old one, without evidence that the defendant had knowledge of the new one or of the contents of the writ; and that the burden was on the plaintiff to prove such knowledge; and that it was proper for the jury to determine upon the whole evidence, to which of the notes the declarations and admissions related.

ASSUMPSIT on a promissory note purporting to be made jointly and severally by the defendant and one Angier. Pleas, the general issue, and the statute of limitations.

At the trial, before *Morton* J., it appeared that the note was given for the debt of Angier, in renewal of another note which was signed by Angier and Ford, together with one Hall The defendant alleged that the note in suit was forged by Angier ; on which point evidence on both sides was given to the jury. The plaintiff contended that if the defendant haa not signed the note, he had recognised and adopted it ; and the plaintiff gave

---

[1] See Revised Stat. *c.* 96, § 12, 13.

Phillips
v.
Ford.

in evidence declarations and admissions of the defendant, in one of which he spoke of this suit's having been commenced. The defendant contended that the admissions applied to the former note, and that he had no knowledge of the note in suit : and the plaintiff contended, that as it appeared that the defenant knew of the suit, the legal presumption was, that he knew of the existence of the note declared on. But the jury were instructed, that the remarks of the defendant relative to this suit might refer to the former note as well as the latter, and that the service of the writ upon the defendant did not raise a legal presumption that his remarks related to the latter note rather than the former, unless there was evidence that he knew of the existence of the latter note or of the contents of the writ ; but that it was proper for the jury, upon the whole evidence, to determine whether the conversations of the defendant referred to the latter or the former note. The jury returned a verdict for the defendant ; but if the above instructions were wrong, a new trial was to be granted.

*W. Baylies* and *K. Whitman*, for the plaintiff.

Oct. 23d.

*Eddy* and *Beal, contrà*, cited 1 Stark. Ev. 73.

Oct. 24th.

*Per Curiam.* The instruction was correct, that the jury were at liberty to apply the declarations or admissions to the old rather than the new note.

The instruction in regard to the burden of proof, was likewise correct. The summons left with the defendant does not contain a notice of the particular cause of action, and there was no evidence of his having seen a copy of the writ. The note in suit was proved to have been forged, and the burden was on the plaintiff to show that the defendant had become liable by adopting it.

*Judgment according to verdict.*